1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
   UNITED STATES OF AMERICA,        )
9                                    )
          Plaintiff,                 )
10                                   )    No. CR 10-1592-TUC-CKJ
   vs.                              )
11                                  )         **ORDER**
   VICTORIANO CRISOSTO-VERA,        )
12                                  )
          Defendant.                )
13   _____)

14        Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation (Doc. 40)

15   on June 10, 2011, in which she recommends that the Court deny the Defendant's Motion to

16   Suppress Evidence Obtained Following an Illegal Search (Doc. 26).  The magistrate judge

17   also recommends that the Defendant's Motion to Suppress Statements in Violation of

18   *Miranda* and Involuntary Statements (Doc. 27) be denied.[1]  Defendant has filed an Appeal

19   from Magistrate's Report and Recommendation Denying Defendant's Motion to Suppress

20   (Doc. 41) and the government has filed a response (Doc. 43). After review of the evidentiary

21   and procedural record, this Court adopts the recommendation of the magistrate judge, and

22   DENIES the Defendant's motions to suppress evidence and statements.

23

24   **I.  Procedural History**

25        On July 7, 2010, Victoriano Crisosto-Vera ("Crisosto-Vera") was indicted for

26

27
     _____
28        [1]*See Miranda v. Arizona*, 384 U.S. 436, 436, 86 S.Ct. 1602, 1602, 16 L.Ed.2d 694
     (1966).

possession of a firearm by an illegal alien; possession of a firearm by a convicted felon; and illegal re-entry after deportation.

On February 25, 2011, Mr. Crisosto-Vera filed the Motion to Suppress Evidence Obtained Following an Illegal Search (Doc. 26), and the Motion to Suppress Statement in Violation of *Miranda* and Involuntary Statements(Doc. 27). On March 4, 2011, the Government filed a Response to the Motion to Suppress Evidence (Doc. 28) and, on March 9, 2011, the Government filed a Response to the Motion to Suppress Statement in Violation of *Miranda* (Doc. 29). On March 22, 2011, there was a hearing on the pending motions before Magistrate Judge Edmonds.

The magistrate judge issued her Report and Recommendation (Doc. 40) on June 10, 2011.

On June 22, 2011, Crisosto-Vera filed the Appeal from the Magistrate's Report and Recommendation. The Government has filed a Response.

## II. Standard of Review

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 288 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

**III. Defense Objections**

Crisosto-Vera asserts that the agents illegally entered the home and they searched for and retrieved the gun without a valid consent to search. Crisosto-Vera also argues that he was questioned prior to being advised of his *Miranda* rights and that his statements were not given voluntarily.

A. Entry Into the Home

Crisosto-Vera argues that the agents illegally entered the home. The United States Supreme Court has recognized that, incident to an arrest, an officer's "need to ensure his own safety, as well as the integrity of the arrest" may be a "compelling" justification for accompanying an arrestee into a residence. *Washington v. Chrisman*, 455 U.S. 1, 7, 102 S.Ct. 812, 70 L.Ed.2d 778 (1982); *see also United States v. Rosi*, 27 F.3d 409 (9th Cir. 1994) (consent was inferred where defendant allowed agents to accompany him into condo so defendant could change clothes); 3 Search & Seizure § 6.4 (4th ed. 2010) ("[S]urely the particular request or needs of the arrestee which require the entry in the first place must be reasonably construed by the police."), *footnote omitted*. In this case, Crisosto-Vera specifically agreed to permit the agents to accompany him. The Court finds the agents were lawfully in the residence.[2]

---

[2]Moreover, the Court finds, considering the totality of the circumstances, Crisosto-Vera voluntarily consented to the agents entering the residence with him. *United States v. Reid*, 226 F.3d 1020, 1026 (9th Cir. 2000) (the totality of the circumstances should be reviewed to determine whether consent to search was "freely and intelligently given"); *United States v. Basher*, 629 F.3d 1161 (9th Cir. 2011) (citing *United States v. Patayan-Soriano*, 361 F.3d 494, 502 (9th Cir. 2004)). In this case, although Crisosto-Vera was under arrest and had not been read his *Miranda* rights, the agents did not have their guns drawn and Crisosto-Vera was not handcuffed at the time. Moreover, the request to enter the home was only in response to Crisosto-Vera's request to obtain clothing – in other words, although Crisosto-Vera was not advised that he had a right not to consent, it was clear the request to enter was in response to Crisosto-Vera's request. Further, in this instance, the Court does not find that whether Crisosto-Vera was told a search warrant could be obtained is a relevant

B. <u>Statements Made Before *Miranda* Rights Were Given</u>

Crisosto-Vera argues that he was not advised of his *Miranda* rights before agents began questioning him regarding the gun. However, under *New York v. Quarles*, 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984), an officer's questioning of a suspect before giving a *Miranda* warning is acceptable if it "relate[s] to an objectively reasonable need to protect the police or the public from any immediate danger associated with the weapon." *Quarles*, 467 U.S. at 659 n. 8, 104 S.Ct. 2626; *Allen v Roe*, 305 F. 3d 1046, 1050 (9th Cir. 2002) ("under the public safety exception, *Miranda* warnings need not be given when 'police officers ask questions reasonably prompted by a concern for the public safety'"). An agent's subjective motivation in posing the question is not part of the analysis. *See United States v. Brady*, 819 F.2d 884, 888 n. 3 (9th Cir.1987). In this case, the agents had been advised that the boyfriend of Paulina Margarita Rocio-Acosta, i.e., Crisosto-Vera, was usually carrying a handgun. *See* Reporter's Transcript, 3/22/11 ("R.T."), p. 11. Ms. Rocio-Acosta informed the agents that she had seen the gun approximately two weeks earlier. *Id*. at p. 15. An objective reasonable need to protect the agents was present once the decision was made to allow Crisosto-Vera to return to the residence to change clothes. The Court finds the questioning of Crisosto-Vera regarding the gun before giving the *Miranda* warnings was proper.

C. <u>Voluntariness of Crisosto-Vera's Statements</u>

"In *Quarles*, the Supreme Court held that if considerations of public safety override the failure of the police to comply with *Miranda*, otherwise voluntary statements of a defendant are admissible." *United States v. Miller*, 382 F.Supp.2d 350 (N.D.N.Y. 2005) (citing *Quarles*, 467 U.S. at 654–55 & n. 5. An involuntary confession is never admissible. *Mincey v. Arizona*, 437 U.S. 385, 398, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *Pollared v. Galaza*, 290

---

factor – the agents were not seeking to search the residence, only accompany Crisosto-Vera.

F.3d 1030, 1033 (9th Cir. 2002). "A confession is involuntary if coerced either by physical intimidation or psychological pressure." *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003) (citation omitted). "In determining whether a defendant's confession was voluntary, 'the question is "whether the defendant's will was overborne at the time he confessed."'" *United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (en banc) (citations omitted); *United States v. Harrison*, 34 F.3d 886, 890 (9th Cir. 1994) (quoting *United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988) (The test for voluntariness is whether, viewing the totality of circumstances, "'the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.'"). "Whether a confession is voluntary is determined under the totality of the circumstances, which include 'the crucial element of police coercion; the length of the interrogation; its location; its continuity; the defendant's maturity; education; physical condition; and mental health.'" *Taylor v. Maddox*, 366 F.3d 992, 1015-16 (9th Cir. 2004), *quoting Withrow v. Williams*, 507 U.S. 680, 693, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *see also Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) (coercive police conduct is a "necessary predicate" for a finding of involuntariness).

In this case, there was no police coercion. Rather, an inquiry occurred because the agents agreed to Crisosto-Vera's request to obtain clothing. The length of the inquiry was short and was within the residence (i.e., this was not a lengthy interrogation in a room at a police station). Further, there is no evidence before the Court that Crisosto-Vera's maturity, education, physical condition, or mental health limited his ability to voluntarily speak to the agents. Moreover, the Court considers that, while the testimony was convoluted, Agent Saul Pumarejo was clear that Crisosto-Vera was not handcuffed until he had admitted to having the gun. R.T., p. 40. The Court finds Crisosto-Vera's will was not overborne and that his statement was voluntarily given.

D. Search for/Retrieval of the Gun

Although warrantless searches are per se unreasonable, "(a) search conducted pursuant to a valid consent is constitutionally permissible." *Schneckloth v. Bustamonte*, 412 U.S. 218, 22 (1973). Consent to a search may be express or implied. *Morgan v. United States*, 323 F.3d 776, 781 (9th Cir. 2003).

A court may infer consent "from the cooperative attitude of a defendant." *Rosi*, 27 F.3d at 412. The totality of the circumstances should be reviewed to determine whether consent to search was "freely and intelligently given." *United States v. Reid*, 226 F.3d 1020, 1026 (9th Cir. 2000). The Ninth Circuit has cited five factors that are considered in determining the voluntariness of a consent to a search: (1) whether the defendant was in custody; (2) whether police had weapons drawn; (3) whether *Miranda* warnings were given; (4) whether the defendant was notified that he had a right not to consent; and (5) whether the defendant was told a search warrant could be obtained. *United States v. Basher*, 629 F.3d 1161 (9th Cir. 2011) (citing *United States v. Patayan-Soriano*, 361 F.3d 494, 502 (9th Cir. 2004)). However, the Ninth Circuit has stated that "[i]t is not necessary to check off all five factors, but many of this court's decisions upholding consent as voluntary are supported by at least several factors." *Patayan Soriano*, 361 F.3d at 502, *internal quotation marks and citation omitted.*

While most of the delineated factors do not weigh in favor of finding a voluntary consent to search, the Court must consider the totality of the circumstances. Indeed, although Crisosto-Vera originally did not respond to the agents' questions regarding the gun, when confronted with the agents' knowledge that the gun had been seen within the past two weeks, Crisosto-Vera showed the agents where the gun was. In other words, Crisosto-Vera was cooperative with the agents. Moreover, the officers were not making demands for compliance with guns drawn or by using threats against Crisosto-Vera, and it is has already been determined that Crisosto-Vera's statements were voluntarily made for purposes of evaluating his Fifth Amendment rights (as distinct from but related to the question of voluntariness of

Crisosto-Vera's consent to search, which involved his statements and the action of showing the officers the area where the gun was located). The Court also considers that no evidence was presented that any person affirmatively declined to consent to a search. Additionally, the "search" was limited in that it was specifically designed to retrieve the gun for officer safety. The Court finds Crisosto-Vera voluntarily consented to the search.

**IV. Conclusion**

Crisosto-Vera makes numerous assertions put forward under a theory that his Fourth, Fifth, and Sixth Amendment Rights, and his rights pursuant to *Miranda*, have been violated. However, the Court finds that the ICE agents who initially took Mr. Crisosto-Vera into custody and questioned him about a firearm did have an objective officer and public safety concern. Further, the Court finds that Crisosto-Vera's statements were given voluntarily and Cristoso-Vera's consent to the search was voluntary.

Accordingly, IT IS ORDERED:

1.      The Report and Recommendation (Doc. 40) is ADOPTED.

2.      Defendant's Motion to Suppress Evidence Obtained Following an Illegal Search (Doc. 26) is DENIED.

3.      Defendant's Motion to Suppress Statements in Violation of *Miranda* and Involuntary Statements (Doc. 27) is DENIED.

DATED this 5th day of August, 2011.


_____
Cindy K. Jorgenson
United States District Judge

- 7 -